FILED
OCT 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. District Court
For the District of Columbia

In re Timothy Doyle Young
#60012-001
USP-MAX-AOX
PoB 8500
Florence, Co. 81226
v
BoP

Case: 1:07-cv-01759
Assigned To : Unassigned
Assign. Date : 10/2/2007
Description: PRO SE GEN. CIVIL

Petition for Mandamus

① This petition is submitted because I have no other remedy and I have a First Amendment right of access to the Courts, Lewis v. Casey, 518 us 343, 116 sct 2174.

The Defendant (BOP) cut off my photocopying privileges in retaliation for two grievances that I filed (#424741 and one

RECEIVED
SEP - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

# 424744).

③ The BOP changed established procedures for obtaining certified inmate account statements in retaliation for two complaints that I filed in this Court, #07-343 and #07-817.

④ I submitted requests for a certified account statement on:

    a.) 5-31-2007, carbon copy available.
    b.) 6-17-2007, carbon copy available.
    c.) 7-1-2007, carbon copy available.
    d.) 7-15-2007, carbon copy available.
    e.) 7-18-2007, BP8 available proving request to Correctional Counselor.

⑤ I have presented the issue of denial of access to the Courts _Numerous_ times:

Two

A.) Denver #06-cv-1253 (dkt. #32, #35, and #41).
B.) Denver #06-1310 Interlocutory appeal.
C.) Denver #06-1409 Mandamus.
D.) Denver #06-1494 Opening Brief, Reply Brief, and dkt. #10-11.
E.) D.C. #07-343 complaint.
F.) Denver #07-cv-857 complaint and dkt. #6 and #11.
G.) The current case in this Court #07-1317, "Motion for Relief."

⑥ The "Motion for Relief" that was just denied without reason was a comprehensive explanation showing why intervention was necessary and also providing 58 exhibits showing the piling on of violations.

⑦ I ask the Court to review the "Motion for Relief" submitted in

Three

#07-1317 (Judge Urbina) because most of the exhibits are the original documents and I am unable to submit copies.

## Authority

⑧ In re Medicare, 414 F3d 7, 10 (DC 2005) "Under the Mandamus Act, the District Courts shall have original jurisdiction of any action in the nature of Mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 USC §1361. Pursuant to this Act, a district court may grant mandamus relief if (1) the plaintiff has

Four

a clear right to relief; (2) the Defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff."

(9) I have a clear right to relief "access to the Courts entails not only freedom to file pleadings but also freedom to employ... those accessories without which legal claims cannot be effectively asserted." Toolasprashad v. BOP, 286 F3d 576; 584 (DC 2002). "An ordinarily permissible exercise of discretion may become a constitutional deprivation if performed in retaliation for the exercise of a First Amendment right." 286 F3d at 585.

Five

⑩ The Defendant has a clear duty not to impede access "Prisoners ... retain their First Amendment right to petition the government for redress of grievances." 286 F3d at 584.

⑪ Their is no other adequate remedy available to me, as listed above the Courts have been presented with this issue but have failed to address the ongoing Constitutional violations.

⑫ These actions and inactions have caused the dismissal of #06-CV-1253 and #07-CV-857 and <u>will</u> cause the dismissal of #07-1317 (Urbina) in a

Six

few weeks.

(13) This misconduct violates Due Process, Access to the Courts, and unconstitutional conditions doctrine. Hartman v. Moore, 547 U.S. ___, 126 sct. ___, 164 LEd2d 441 holding "(a) As a general matter, this Court has held that the First Amendment prohibits government officials from subjecting an individual to retaliatory actions ... for speaking out. Crawford-EL v. Britton, 523 US 574, 592, 118 sct 1584."

(14) Bounds v. Smith, 430 US 817, 824, 97 sct. 1491 "[Prison Officials] must shoulder affirmative obligations to assure all prisoners

Seven

meaningful access to the Courts."

(15) Tanner v. BOP, 433 F.Supp.2d 117, 126 (DC 2006) "When prisoners raise allegations of Constitutional violations ... a court ought to intervene appropriately."

(16) 433 F.Supp.2d. at 122, Footnote #6 "18 USC §3626 ... constitutes a waiver in that it authorizes suits arising from prison conditions or actions of prison officials."

## Relief

(17) I ask the Court to compel the Bureau of Prisons Director Harley Lappin to enforce the U.S. Constitution, to rescind grievance #425106, to punish

Eight

the BOP employees responsible for causing the retaliation, and to restore my photocopying privileges and access to certified inmate account statements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
August 29, 2007.

Tim Y.
Pro Se

Timothy Doyle Young #60012-001
USP - Max - ADX
PO Box 8500
Florence, CO  81226

"Legal Mail -
Open only in
presence of inmate."

Nine